IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ST. VINCENT HOSPITAL,

        Plaintiff,

    vs.                                              No. CIV-04-1431 JC/RHS

NEW MEXICO PIPE TRADES HEALTH
& WELFARE TRUST FUND,

        Defendant.

and

BOARD OF TRUSTEES, NEW MEXICO PIPE TRADES
HEALTH & WELFARE, TRUST FUND,

        Third-Party Plaintiff,

vs.

ST. VINCENT HOSPITAL,

        Counter-Defendant,

and

TONY A. MARTINEZ, LIBBY R. MARTINEZ, and
TERESA MARTINEZ-CORTEZ, in her capacity
as Guardian Ad Litem for Libby R. Martinez,

        Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Third-Party Defendants' Motion and

Supporting Memorandum Seeking An Order of Dismissal, Or in the Alternative to Stay the Proceedings, filed August 5, 2005 (*Doc.* 40). The Third-Party Defendants move for dismissal on the grounds that Plaintiff has not stated a claim upon which relief can be granted. The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds the Third-Party Defendants' Motion to be well-taken and it is **granted**.

I.     **Factual Background**

Third-Party Defendant Libby Martinez was admitted to Plaintiff St. Vincent Hospital ("St. Vincent") for a scheduled routine hysterectomy on April 23, 2002. Prior to being admitted, Ms. Martinez signed a form allowing St. Vincent to act in her stead as an assignee and collect on its health care claims from her group health plan provider, New Mexico Pipe Trades Health and Welfare Trust Fund ("Pipe Trades"). Following her surgery, Ms. Martinez was expected to remain in the hospital for several days. Complications arose, however, and Ms. Martinez ended up remaining at St. Vincent from April 23 until October 3, 2002, before her family finally withdrew her from its care. St. Vincent now seeks reimbursement for its claims from Pipe Trades. St. Vincent initially submitted their claims on or about August 14, 2002, with subsequent claims filed over the next three months. These claims amounted to a total of $728,180.77 for hospital services rendered. Pipe Trades did not respond to this submission of claims until a denial notice, or explanation of benefits letter ("EOB"), was sent on April 23, 2004. This EOB denied all of St. Vincent's claims, but also explained how to appeal this decision. St. Vincent did not appeal, and instead brought suit in federal court seeking the unpaid health insurance benefits, and attorney's fees, as the assignee of Ms. Martinez, pursuant to the Employee Retirement Security

Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101 et seq.  Ms. Martinez has since filed a suit, as of July 18, 2005, in the state court of New Mexico against St. Vincent, with claims including medical malpractice, loss of consortium, negligent infliction of emotional distress, breach of contract and unfair trades practices.  This case is still pending resolution.  Curiously, before the Martinezes' ever filed in state court, the Third-Party Plaintiffs, Pipe Trades, also decided to seek federal jurisdiction regarding their rights to some of the money to which the Martinezes may potentially be entitled.  Pipe Trades filed a Third-Party Complaint (against the Martinezes) and Counterclaim (against St. Vincent) seeking the Court impose a Constructive Trust and Equitable Lien on Third-Party Defendants prospective state court judgment on April 5, 2005 (*Doc. 20*).  This Court has already decided Plaintiff St. Vincent Hospital's Complaint, dismissing it.

**II.     Standard of Review**

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true (*See Albright v. Oliver*, 510 U.S. 266, 268 (1994)), and views them in the light most favorable to the nonmoving party. *Sutton,* 173 F.3d at 1236.

**III.    Discussion**

    **A.     Counter-Claim**

St. Vincent has not filed a Motion requesting the dismissal of the Counter-claim against them.  The Court construes Pipe Trades Counter-claim as a request for judgment on whether the

3

claims St. Vincent submitted to them should be processed. Compl.at 8  The Court considers this issue already addressed by its Memorandum Opinion and Order (*Doc. 115*), filed on March 28, 2005. In this Order, St. Vincent's Complaint was dismissed for failure to exhaust administrative remedies, and the Court concluded that it had no jurisdiction to decide this issue.  Therefore, the counter-claim is dismissed.

### B.     Motion to Dismiss Third Party Complaint

Plaintiff's Third Party Complaint seeks relief where there is none to be had.  In essence, Pipe Trades is asking the Court to impose equitable relief upon the Martinezes' future legal relief to which they may presumably be entitled.

The Tenth Circuit has addressed the situation of a District Court's discretion to award "appropriate equitable relief" under ERISA in *Administrative Committee of Wal-Mart Associates Health and Welfare Plan v. Willard*, 393 F.3d 1119 (10th Cir. 2004).  In this case, the Circuit held that a three-part test need be administered in determining whether a health plan administrator may "maintain an action for 'appropriate equitable relief' to enforce a reimbursement provision, *after* a plan beneficiary has received compensation from a third party." *Id*. at 1122 (emphasis added).  The Court would note that the Third-Party Plaintiff already appears to have some difficulty at fulfilling the requirements of this test, as the plan beneficiary has not received compensation from a third-party as yet.  The test, however, is as follows: "Does the Plan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the plan, and (3) that are within the possession and control of the defendant beneficiary?" *Id*. (citations omitted).

Here, none of the test components are met. The funds in this case are not specifically identifiable as there has been no determination of Libby Martinez' state court damages. Only after this has, if it even will, occur, and after Pipe Trades has determined what amount is appropriate for subrogation, will they be specifically identifiable. This is not the same situation as in *Willard*, where a settlement had already been reached. *Id*. at 1121. The second requirement is not met for basically the same reason. There has been no determination of the amount that Pipe Trades would be entitled to if Ms. Martinez is to obtain a judgment. The New Mexico law which governs Ms. Martinez' state court claims holds that Pipe Trades does not have the right to their reimbursement until Ms. Martinez has recovered in the underlying state court action. *Fernandez v. Ford Motor Co.*, 118 N.M. 110 (Ct. App. 1994). Third, there has been no possession nor control of these funds by the ERISA beneficiary, Ms. Martinez. Any possession or control will not result until the state court judgment has been rendered.

Pipe Trades claims that the Seventh Circuit case of *Blue Cross and Blue Shield of Illinois v. Cruz*, 396 F.3d 793 (7th Cir. 2005), more correctly applies to the case at bar. This case does not even apply ERISA, but it does deal with the matter of preemption before us, so the Court will address it. Pipe Trades claims that in this case, the federal court did not dismiss the claim for a declaratory judgment and an equitable lien. *Id*. at 800-01. While this is true, it is also important to note that the federal suit in *Cruz* was filed after a state court settlement. *Id*. at 795. This is not analogous to the present facts, where no resolution has been reached on the state court claims. The case of *Administrative Committee of Wal-Mart Stores, Inc. Associates Health & Welfare Plan v. Varco*, 338 F.3d 680, 684-85 (7th Cir. 2003), likewise does not apply to the present facts,

5

because a settlement was reached in the state court matter before a decision on the federal claims. *Id.* Interestingly, Pipe Trades' Response Brief has provided absolutely no analysis of the in-Circuit case on point, *Willard*.

Therefore, the Court finds that we have no jurisdiction to award appropriate equitable relief to Pipe Trades in this matter. The case is simply not yet ripe for our review. Hence, it is dismissed without prejudice.

WHEREFORE,

**IT IS ORDERED** that Third-Party Defendants' Motion and Supporting Memorandum Seeking an Order of Dismissal, or, in the Alternative to Stay the Proceedings, filed August 5, 2005 (*Doc.*40) is **GRANTED**.

DATED May 4, 2006.

_____
 **SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    William P. Slattery, Esq.
    David B. Lawrenz, Esq.
    Simons & Slattery, L.L.P.
    Santa Fe, New Mexico

    M.J. Keefe, Esq.
    Gilpin & Keefe, P.C.
    Albuquerque, New Mexico

Counsel for Defendants:

    William G. Walker, Esq.
    Laure van Heijenoort, Esq.

Albuquerque, New Mexico

Counsel for Third-Party Defendants:

Mark L. Ish, Esq.
Felker, Ish, Ritchie & Geer
Santa Fe, New Mexcio