# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ST. VINCENT HOSPITAL,

       Plaintiff,

    vs.                               No. CIV-04-1431 JC/RHS

NEW MEXICO PIPE TRADES HEALTH
& WELFARE TRUST FUND,

       Defendant.

and

BOARD OF TRUSTEES, NEW MEXICO PIPE TRADES
HEALTH & WELFARE, TRUST FUND,

       Third-Party Plaintiff,

vs.

ST. VINCENT HOSPITAL,

       Counter-Defendant,

and

TONY A. MARTINEZ, LIBBY R. MARTINEZ, and
TERESA MARTINEZ-CORTEZ, in her capacity
as Guardian Ad Litem for Libby R. Martinez,

       Third Party Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon New Mexico Pipe Trades Motion for an

Award of Attorneys' Fees and, in the Alternative, for an Extension of Time with a Memorandum in Support, filed April 27, 2006 (*Doc*. 119).  Defendant New Mexico Pipe Trades moves for the award of attorneys' fees on the grounds that it is the prevailing party in this matter.  The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities.  The Court finds Defendant's Motion to be well-taken and it is **granted**.

I.      **Background**

        Third-Party Defendant Libby Martinez was admitted to Plaintiff St. Vincent Hospital ("St. Vincent") for a scheduled routine hysterectomy on April 23, 2002.  Prior to being admitted, Ms. Martinez signed a form allowing St. Vincent to act in her stead as an assignee and collect on its health care claims from her group health plan provider, New Mexico Pipe Trades Health and Welfare Trust Fund ("Pipe Trades").  Following her surgery, Ms. Martinez was expected to remain in the hospital for several days.  Complications arose, however, and Ms. Martinez ended up remaining at St. Vincent from April 23 until October 3, 2002, before her family finally withdrew her from its care.  St. Vincent sought reimbursement for its claims from Pipe Trades.  Eventually, St. Vincent brought suit in this federal court seeking their unpaid health insurance benefits, and attorney's fees,  as the assignee of Ms. Martinez, pursuant to the Employee Retirement Security Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101 et seq.  Plaintiff's Complaint was dismissed by a memorandum opinion and final order, issued by this Court, filed May 4, 2006.  Defendant New Mexico Pipe Trades now urges the Court to award it attorneys' fees, as it was the prevailing party in this matter and it is within the Court's discretion to do so.

II.     **Standard of Review**

        It is within the Court's reasonable discretion to provide attorney fees to the prevailing

party.  *See* 29 U.S.C. §1132(g)(1).  ERISA provides that a court can award attorneys' fees at its

discretion.  The Tenth Circuit has established a nonexclusive list of factors for the district court to

consider in deciding whether to award these fees.  These factors include:

> (1) the degree of the offending party's culpability or bad faith;
> (2) the degree of the ability of the offending party to satisfy an award of attorney
> fees;
> (3) whether or not an award of attorney fees against the offending party would
> deter other persons acting under similar circumstances;
> (4) the amount of benefit conferred on members of the plan as a whole; and
> (5) the relative merits of the parties's positions.

*Deboard v. Sunshine Mining and Refining Co.*, 208 F.3d 1128, 1244 (10th Cir. 2000).  Pipe

Trades suggests that when analyzing these factors, the Court can reach no other conclusion than

to award attorneys' fees to Pipe Trades.  The Court will examine each factor in turn to reach its

conclusion.

## III.    Discussion

### A.      Culpability or Bad Faith

Pipe Trades argues that St. Vincent's actions in this case meet this first factor for several

reasons.  First, Pipe Trades claims that St. Vincent filed a complaint which they knew or should

have known would not survive, as it relied on the wrong federal regulations, included state law

claims completely preempted by ERISA, and included claims which were barred by the plan's

own rules and procedures.  Further, Pipe Trades points out that St. Vincent's refusal to admit that

it had not appealed the denial of its submitted claims until very late in this process, despite a

motion to compel it do so, is also evidence of culpability or bad faith.

While St. Vincent admits that the hospital itself had a claims staff and an internal legal

division, it claims that it did not operate under the Pipe Trades plan rules because it "did not have

expertise in handling ERISA claims." Resp. at 3.[1]  Following this reasoning, St. Vincent alleges

that when handling other plans' appeals processes, the procedure is not so formalized, and calls

made to the billing department of a plan would have sufficed as an official appeal.  This is not an

acceptable reason as to either why this claim appears to have been mishandled in the first place,

or, more importantly, as to why a complaint was still pursued in this case after St. Vincent knew

or should have known that the Pipes Trades plan rules were clearly not followed. This pursuit of

the complaint is most troubling because St. Vincent at this point knew or should have known that

their failure to follow plan procedures would not suffice as pursuing an administrative appeal, and

therefore exhausting administrative remedies, according to federal law.

     St. Vincent also rebuts the claim that they were operating in bad faith at any time.  As St.

Vincent points out, the First Amended Complaint in this case did abandon the preempted state

law claims.  Further, St. Vincent still argues that they did not possess the "ERISA savvy" to know

the various ways to appeal a denial of claims submitted, specifically that a written appeal after a

certain time limit would have started the administrative appeal process. Resp. at 3.  This

ignorance of the governing body of law is, again, unacceptable.  Plaintiff St. Vincent is not a *pro-se* plaintiff, to whom a court's leniency in ignorance of the law might be granted.  Indeed, St.

Vincent possesses its own claims department and its own legal department.  A blunder in claim

processing may warrant a review of these in-house departments, but it does not warrant a time-

consuming, expensive, and ultimately meritless filing of a federal complaint.

---

     [1]As Defendant Pipe Trades has indicated in their Reply Brief at page 3, Plaintiff St. Vincent did not number its Response Brief.  Therefore, the Court adopts the same numbering scheme as Defendant.

Therefore, these factors weigh in favor of awarding attorneys' fees, as the Court has strong suspicions that this Complaint was at least filed, and more importantly pursued, in bad faith.

B.      Ability to Pay

Pipe Trades argues that St. Vincent has the ability to pay attorneys' fees in this case, much more so than Pipe Trades itself.   St. Vincent, an institutional hospital, does not rebut Pipe Trades' assertion that St. Vincent possesses assets in the neighborhood of 90 million dollars, while Pipe Trades's are about 4500 dollars.  Pipe Trades cites to cases that are similar to the case at bar, in that fees were actually awarded to the defendant.  In *Baker v. Greater Kansas City Laborers Welfare Fund*, 716 F.Supp. 1229 (W.D. Missouri 1989), the plaintiff and his counsel continued with his ERISA claim after discovery, when it was obvious that his claim had no legal merit.  Although this case shows that attorneys' fees can be awarded to plaintiffs in ERISA cases like these, it does not shed any more light upon St. Vincent's ability to pay in this case.

This Court has no doubt, however, of St. Vincent's ability to pay appropriate attorneys' fees in this matter.  Although St. Vincent cannot turn away emergency patients, the self-proclaimed largest hospital facility between Albuquerque and Pueblo, Colorado, surely has the ability to pay fees more so than a group health plan who receives all of its assets from employer contributions of the pay package of its participants.  Therefore, this factor weighs in favor of awarding attorneys' fees as well.

C.      Deterrence

Pipe Trades argues strenuously on behalf of this factor, because of the idea that these

types of frivolous claims pose a danger to all self-insured multi-employer plans. This Court agrees with this argument. Although we acknowledge that the St. Vincent attorneys were in an "adversarial" position to the Pipe Trades attorneys (Resp. at 5), this does not excuse ignoring the applicable provisions or the relevant federal law in this case. Moreover, the suspicions articulated in previous briefing, of maintaining costly federal and state suits simultaneously and forcing other parties to defend against both, gives the Court pause. Indeed, this only reinforces the idea that a message of deterrence for this sort of behavior is appropriate. Therefore, this factor weighs in favor of awarding attorneys' fees as well.

D.    Benefit to the Membership of the Plan as a whole

The Court agrees that it is beyond dispute that the Pipe Trades trust fund and its membership were harmed by the cost of this litigation. It follows, then, that the plan would benefit by the reimbursement of the attorney fees spent. Although St. Vincent claims that Pipe Trades has not shown that any loss to the trust fund will occur if attorney fees are not paid, it does also logically follow that if the trust fund is not reimbursed for these fees, the money will need to come from somewhere; most likely from the plan participants themselves. Therefore, this factor also weighs in favor of awarding attorneys' fees.

E.    Relative Merits of the Parties' Positions

The Court must agree with St. Vincent here that its argument of futility, while comprised of very little merit, was perhaps capable of enough merit to warrant this suit. The Court finds that there is a distinction, however, between the facts that St. Vincent articulates and what actually happened. Although St. Vincent labels the Pipe Trades delay as a case "of first impression," this

omits the reality that at the end of the admittedly long delay in claim processing, there was

eventually a denial of the claims submitted.  (Resp. at 6).  And, the fact still remains that this

denial *was never appealed*.  Therefore, this Court still finds that the merits of this case rest solely

on Defendant Pipe Trades' side, and that this factor, as well, weighs in favor of awarding

attorneys' fees.


WHEREFORE,

**IT IS ORDERED** that New Mexico Pipe Trades Motion for an Award of Attorneys'

Fees and, in the Alternative, for an Extension of Time with a Memorandum in Support, filed April

27, 2006 (*Doc*. 119) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff St. Vincent should submit further briefing on

the submissions of the Pipe Trades Trust Fund regarding their fees and hours spent upon this case.


DATED July 12, 2006.


_____
**SENIOR UNITED STATES DISTRICT JUDGE**


Counsel for Plaintiff:

William P. Slattery, Esq.
David B. Lawrenz, Esq.
Simons & Slattery, L.L.P.
Santa Fe, New Mexico

M.J. Keefe, Esq.
Gilpin & Keefe, P.C.
Albuquerque, New Mexico

7

Counsel for Defendants:

       William G. Walker, Esq.
       Laure van Heijenoort, Esq.
       Albuquerque, New Mexico

Counsel for Third-Party Defendants:

       Mark L. Ish, Esq.
       Felker, Ish, Ritchie & Geer
       Santa Fe, New Mexcio